# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2022

Lyle W. Cayce
Clerk

No. 21-20528

United States of America,

*Plaintiff—Appellee*,

*versus*

Huey P. Williams, Jr.,

*Defendant—Appellant*.

Application for Certificate of Appealability from the
United States District Court for the Southern District of Texas
USDC No. 4:18-CV-1976
USDC No. 4:14-CR-22-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam: *

Huey P. Williams, Jr., proceeding pro se, unsuccessfully moved for 28 U.S.C. § 2255 relief in the district court. Now, the attorney retained to represent Williams has filed a motion for leave to withdraw with an incorporated motion regarding a certificate of appealability (COA) and a brief

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20528

relying on *Anders v. California*, 386 U.S. 738 (1967). Williams has not filed a response.

Although *Anders* applies only to court-appointed counsel, retained counsel also have the "ethical obligations to refuse to prosecute a frivolous appeal." *McCoy v. Court of Appeals*, 486 U.S. 429, 436 (1988). Notwithstanding that the brief was prepared by retained counsel, this court could rely on it to determine if the appeal is indeed frivolous. *See, e.g.*, *United States v. Klarer*, 2022 WL 963977 (5th Cir. 2022) (granting retained counsel's *Anders* motion and dismissing appeal); *United States v. Sanchez*, 636 F. App'x 622, 622 (5th Cir. 2016) (same).[1] Because Williams failed to respond or contest retained counsel's motion, we have no need to consider whether he should be permitted to file a pro se motion for a COA or seek to find new counsel. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.

---

[1] Unpublished opinions issued on or after January 1, 1996, are not binding precedent, but they may be persuasive authority. *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006); 5TH CIR. R. 47.5.4.